## HATCH *v.* BULLOCK.

{ March 21, 1876.

*Estoppel of tenant to deny his landlord's title.*

The plaintiff bargained with I. B. for certain real estate, and went into immediate possession of the same under a parol agreement that the purchase-money should be applied on a debt due him from the vendor. Afterwards the plaintiff demised the premises to the defendant at a monthly rent of four dollars, which the defendant paid for several years. I. B. died, leaving a will whereby the same land was devised to the defendant. In an action for rent in arrear — *Held*, that the defendant was estopped to deny the plaintiff's title.

FROM GRAFTON CIRCUIT COURT.

ASSUMPSIT, to recover for the use and occupation of certain premises in Grafton, in said county. Plea, the general issue. The action was sent to a referee, who, at the request of the parties, reported the following facts proved before him :

" In 1859 plaintiff bargained for the premises, leased to this defendant, with one Isaac Bullock who then owned said premises, for two hundred and twenty dollars. Plaintiff took immediate possession of said premises, and occupied it as his homestead till his wife died, in May, 1867. The plaintiff then broke up house-keeping, and rented the premises to one Allen Clough, and afterwards, in 1871, to the defendant, at four dollars per month, who has occupied said premises up to the present time, paying the plaintiff all the rent up to the date of the writ, excepting the last eight months, for which this suit is brought. At the time the plaintiff purchased said premises of said Isaac Bullock, said Isaac had in his hands one hundred dollars belonging to plaintiff's wife, and then owed her that sum. The plaintiff also held against said Isaac three notes—one for one hundred and sixty-two dollars, dated August 16, 1857, one for seventy-eight dollars, dated August 20, 1857, both payable to the plaintiff, or order, on demand, with interest, and one other note for fifty dollars, dated November 6, 1857, payable to plaintiff, or bearer, on demand, with interest. The amount of said notes said Isaac Bullock then owed to the plaintiff, and it was agreed between said Isaac and the plaintiff that said Isaac Bullock should give the plaintiff immediate possession of said premises, and title to the same, in payment of two hundred and twenty dollars on the claims against him, as above stated. Pursuant to said agreement the plaintiff had possession at once. No deed from Isaac to the plaintiff, or other conveyance in writing, was delivered to the plaintiff at the time he so took possession, nor has ever been since. Said Isaac Bullock died in August, 1872, without executing any deed, or other conveyance in writing, of said premises to the plaintiff. The

estate of said Isaac Bullock is administered in the insolvent course. He died testate, and the defendant now claims to hold and occupy said premises under the superior title of heir and legatee of said Bullock's will and estate. This claim of the defendant was first set up in February, 1873. A bill in chancery has been filed against the executor of said Bullock's will, and this defendant, by the plaintiff, to obtain a legal conveyance and title of said premises. By the admissions and consent of counsel for both parties, the referee finds that the premises in controversy were specifically willed to the defendant by said Isaac Bullock, and that the validity of said will is now controverted in the superior court of judicature on an appeal from the decree of the judge of probate allowing said will."

Upon the foregoing facts the referee found that the plaintiff was entitled to recover.

The questions of law arising on the foregoing case were transferred to this court for determination by STANLEY, J.

*Lord & Sulloway*, for the plaintiff.

*Pike & Blodgett, Murray*, and *Barnard*, for the defendant.

LADD, J. There is no pretence that there has been a determination of the plaintiff's title since the letting, or an eviction, either actual or constructive, by one having a title paramount to that of the plaintiff. It is not claimed that the letting took place, or that rent has been paid by the defendant, under a mistake or misapprehension of the state of the title, much less by reason of any misrepresentation or fraud on the part of the plaintiff. I think the defendant is estopped, in this action for the recovery of rent, to deny the plaintiff's title. See 6 Am. Law Rev. 1; Bigelow on Estoppel 372, *et seq.*

CUSHING, C. J. The case finds that the plaintiff had bought and paid for the property and his tenant's possession, at least during the lifetime of the defendant's testator. The plaintiff, then, had had possession by himself, or by his tenant, until 1872, when the defendant's testator died. A payment in full for the property, and possession and occupation under the purchase thirteen years, would, I believe, be a sufficient part performance to enable the court to enforce a specific performance, and, on the filing of a bill for that purpose, to enjoin the devisee, if he had been other than the tenant, from interfering with the tenant's possession. I cannot see, therefore, that there has been any interference with the tenant's possession under the plaintiff's lease, which can relieve him from the ordinary rule which forbids the tenant to deny the landlord's title.

SMITH, J. No principle is better established than that a tenant shall not be permitted to deny the title of his landlord in an action for use and occupation. It is a rule founded in good faith as well as public

policy.   *Cooke* v. *Loxly*, 5 T. R. 4; *Bolls* v. *Westwood*, 2 Campb. 11; *Lessee of Galloway* v. *Ogle*, 2 Binn. 468; *Binney* v. *Chapman*, 5 Pick. 124; *Hill* v. *Boutell*, 3 N. H. 502; *Plumer* v. *Plumer*, 30 N. H. 566.

The defendant claims that during the lease he acquired a superior title to the premises as heir and devisee of Isaac Bullock; but neither the validity of his will, nor of that title, can be inquired into in this suit.   The plaintiff has held the possession of the premises since 1859, under a parol agreement to take a conveyance of the same, and the defendant has occupied the premises since 1871 as his tenant, under an agreement to pay him rent by the month.   This action (assumpsit for rent) does not depend on the validity of the plaintiff's title to the estate, but on a contract between the parties, either express or implied.   *Codman* v. *Jenkins*, 14 Mass. 96.

The plaintiff is entitled to

*Judgment on the report.*